LAURA E. DUFFY
United States Attorney
FRED SHEPPARD
Assistant U.S. Attorney
California State Bar No. 250781
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: 619-546-8237

Attorneys for Plaintiff
United States of America

FILED
JUN 1 8 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. ~~12CR1128~~-BEN  13CR1128 |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| HECTOR MEDRANO (21), | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Laura E. Duffy, United States Attorney, Fred Sheppard, Assistant United States Attorney, and defendant, HECTOR MEDRANO, with the advice and consent of Casey Donovan, counsel for Defendant, as follows:

//
//
//
//
//
//
//
//

Def. Initials _NM_

# I

# THE PLEA

A.  THE CHARGES

Defendant agrees to plead guilty to Count One of the Superseding Indictment. If the plea is not entered by the close of business on June 21, 2013, this offer is automatically withdrawn.

# II

# NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

Defendant understands that the offenses to which Defendant is pleading guilty have the following element:

(1) Beginning on a date and ending on a date, there was an agreement between two or more persons to distribute a controlled substance;

(2) Defendant knew that the agreement had an unlawful object or purpose; and

(3) Defendant joined the agreement with the intent to further its unlawful object or purpose.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea.

The following facts are true and undisputed:

1. Between August 2012, and November 2012, Defendant agreed to distribute methamphetamine in conjunction with and to other individuals, including codefendants. In doing so, Defendant either conspired to distribute or did distribute in excess of 50 grams of actual methamphetamine.

2. Below are examples of Defendant's conduct in furtherance of this conspiracy:

   a. From September 27, 2012, through September 28, 2012, Defendant agreed to sell methamphetamine to Frankie King to sell to customers. On September 28, 2012, Defendant sold approximately 3.5 grams of methamphetamine to Frankie King in order for him to sell to customers.

Def. Initials

b. On October 2, 2012, Defendant held a distributable amount of methamphetamine for Laura Cruz, which was meant for sale to customers until she was able to return to pick up the methamphetamine.

c. From October 4, 2012, through October 5, 2012, Defendant agreed to sell methamphetamine to Frankie King to sell to customers. On October 5, 2012, Defendant sold approximately 3.5 grams of methamphetamine to Frankie King in order for him to sell to customers.

d. From October 10, 2012, through October 14, 2012, Defendant agreed to sell methamphetamine to Frankie King to sell to customers. On October 14, 2012, Defendant sold approximately 3.5 grams of methamphetamine to Frankie King in order for him to sell to customers.

e. On October 25, 2012, Defendant agreed to sell methamphetamine to Frankie King in order for him to sell to customers, and on that same date, Defendant sold approximately 3.5 grams of methamphetamine to Frankie King in order for him to sell to customers.

### III

### PENALTIES

Defendant understands that the crimes to which Defendant is pleading guilty carry the following penalties:

A. a maximum of life in prison and a mandatory minimum of ten years in prison

B. a maximum $10,000,000 fine;

C. a mandatory special assessment of $100.00 per count; and

D. a term of supervised release of at least five years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. continue to plead not guilty and require the United States to prove the elements of the crime beyond a reasonable doubt;

B. a speedy and public trial by jury;

C. the assistance of counsel at all stages of trial;


Def. Initials

3

| | | |
|---|---|---|
|1| D. | confront and cross-examine adverse witnesses; |
|2| E. | present evidence and to have witnesses testify on behalf of Defendant; and |
|3| F. | not to testify or have any adverse inferences drawn from the failure to testify. |

### V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The United States represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

Defendant understands that if this case proceeded to trial, the United States would be required to provide impeachment information relating to any informants or other witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

### VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up and rendered ineligible to receive valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; and suspension or revocation of a

Def. Initials _____

professional license, none of which will serve as grounds to withdraw defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines ("Guidelines" or "USSG") and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statutes of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the United States have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

Def. Initials

# IX

# SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The United States has not made and will not make any representation as to what sentence Defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the United States is not binding on the Court, and it is uncertain at this time what Defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

# X

# PARTIES' SENTENCING RECOMMENDATIONS

A. BASE OFFENSE LEVEL AND ADJUSTMENTS

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable) under the Guidelines:

    1.    Base Offense Level    32
        [USSG § 2D1.1]

    2.    Acceptance of Responsibility    -3
        [§ 3E1.1]

B. ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph X.A.6 above, the United States will **not** recommend any adjustment for Acceptance of Responsibility if Defendant:

    1.    Fails to admit a complete factual basis for the plea at the time it is entered, or

Def. Initials _NM_

    2.    Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

    3.    Fails to appear in court, or

    4.    Engages in additional criminal conduct, or

    5.    Attempts to withdraw the plea, or

    6.    Refuses to abide by any lawful court order, or

    7.    Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

C.    FURTHER ADJUSTMENTS

Defendant may recommend additional downward adjustments other than those listed above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.    DEPARTURES AND REDUCTIONS UNDER 18 U.S.C. § 3553

Defendant may recommend additional downward departures, including criminal history departures under § 4A1.3.

F.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

G.    PARTIES' RECOMMENDATION REGARDING CUSTODY

The parties will jointly recommend Defendant be sentenced to ten years in prison.

H.    SPECIAL ASSESSMENT/FINE/RESTITUTION

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per count to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

Def. Initials

Defendant understands that the Court may impose a fine and that such imposition would have no effect on this agreement, including Defendant's waiver of appeal and collateral attach as detailed below.

### I. STIPULATED REMOVAL

If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

### XI
### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the United States' concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the United States pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, Defendant may appeal, but the United States will be free to support on appeal the sentence actually imposed. If Defendant believes the United States' recommendation is not in accord with this agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If Defendant breaches this plea agreement, at any time, by appealing or collaterally attacking the conviction or sentence, in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by Defendant pursuant to this plea agreement in any such prosecution.

Def. Initials

## XII

## **BREACH OF THE PLEA AGREEMENT**

Defendant acknowledges, understands and agrees that if defendant violates or fails to perform any of defendant's obligations under this agreement, such violation or failure to perform may constitute a material breach of this agreement.

Defendant acknowledges, understands and agrees further that the following non-exhaustive list of conduct by defendant unquestionably constitutes a material breach of this plea agreement:

1. Failing to plead guilty pursuant to this agreement,
2. Failing to fully accept responsibility as established in Section X, paragraph B, above,
3. Failing to appear in court,
4. Attempting to withdraw the plea,
5. Failing to abide by any lawful court order related to this case,
6. Appealing or collaterally attacking the sentence or conviction in violation of Section XI of this plea agreement, or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

In the event of defendant's material breach of this plea agreement, defendant will not be able to enforce any of its provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled as of the date of this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Def. Initials

Additionally, defendant agrees that in the event of defendant's material breach of this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of [or action against] defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## XIII

## ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

Def. Initials 

## XVI

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation, although his attorney could not, and did not, advise him in that regard.

LAURA E. DUFFY
United States Attorney

6/17/2013
DATED

Fred Sheppard
Assistant U.S. Attorney

6/12/13
DATED

Casey Donovan
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

6-14-13
DATED

HECTOR MEDRANO
Defendant

Def. Initials HM

11