UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>HECTOR MEDRANO,<br><br>                              Defendant. | Case No.: 13-cr-1128(21)-BEN<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**[Dkt. No. 843]** |

    Defendant moves for a reduction in his sentence under 18 U.S.C. § 3582(c), arguing that amendment 782 to the Sentencing Guidelines warrants the modification.

    Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for sentence reduction by determining whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 879, 205 L. Ed. 2d 491 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). "The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the "'effect of lowering the defendant's applicable Guidelines range.'" *Id.* (citing U.S.S.G. §1B1.10(a)(2)(B)). To apply this policy statement, a court determines whether the Guidelines range is lowered by calculating the amended Guidelines range that would have been applicable to the defendant if the relevant Guidelines had been in effect at the

1

time the defendant was sentenced. *Id.* But that determination is not the end of the eligibility inquiry. "Another provision of the policy statement . . . generally prohibits sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range." *Id.* (citing § 1B1.10(b)(2)(A)).

Defendant does not qualify for a sentence modification under amendment 782. Defendant was sentenced to a minimum mandatory term of 120-months, notwithstanding a more severe Sentencing Guidelines range. "A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term." *United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011); s*ee also, United States v. Rodriguez*, 770 F. App'x 411, 412 (9th Cir. 2019) ("First, we reject Rodriguez's argument that Amendment 782 entitles him to a sentence reduction. Rodriguez received a sentence of 120 months' imprisonment pursuant to a statutory mandatory minimum. *See* 21 U.S.C. § 841(b). A district court cannot modify a sentence under § 3582(c)(2) where "the mandatory minimum, and not the Sentencing Guidelines range, provided ... the starting point for determining the defendant's sentence." *United States v. Jackson*, 577 F.3d 1032, 1035 (9th Cir. 2009). Accordingly, the district court properly concluded that it lacked the authority to resentence Rodriguez. *See United States v. Paulk,* 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam).).

Therefore, Defendant's Motion for Reduction in Sentence is Denied.

IT IS SO ORDERED.

DATED: May 28, 2020

HON. ROGER T. BENITEZ
United States District Court Judge